# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KORDEV LLC and MICHAEL BRYANT,<br><br>Plaintiffs,<br><br>v.<br><br>EAGLE HEMP, LLC, TRIM LIFE LABS, LLC, and WELL BEING LABS, LLC,<br><br>Defendants. | ELECTRONICALLY FILED<br><br>Civil Action No. 2:21-cv-01341-NR |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS EAGLE HEMP, LLC, TRIM LIFE LABS LLC, AND WELL BEING LABS, LLC'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendants, Eagle Hemp, LLC, Trim Life Labs, LLC, and Well Being Labs, LLC, by and through counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby file this Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Amended Complaint.

## I. INTRODUCTION

This dispute arises out of the sale of Defendant Well Being Labs LLC ("Well Being") to Defendant Eagle Hemp, LLC ("Eagle Hemp"). As Plaintiffs allege, the Asset Purchase Agreement ("APA") governed the sale of Well Being to Eagle Hemp. *See* Am. Compl. ¶ 46 & Ex. D. Plaintiff Michael Bryant is a former owner of Defendant Well Being and the sole member of Plaintiff KorDev LLC ("KorDev"). *Id.* at ¶ 13. Plaintiffs allege that as part of the APA, Eagle Hemp agreed to enter into an exclusive Master Services Agreement ("MSA") with KorDev to develop customer service management software for Eagle Hemp. *See id.* at ¶¶ 8, 45 & Ex. D at § 1.02. The Amended Complaint further alleges that pursuant to the MSA, Defendants Trim Life Labs, LLC ("Trim Life") and Well Being are bound to the terms of the MSA, even though neither is a party to the MSA. *Id.* at ¶ 47; *see also* Am. Compl. Ex. E.

Plaintiffs allege that all Defendants breached the exclusivity of the MSA by contracting with Konnective, which is alleged to be a competitor of KorDev. Am. Compl. ¶ 77. In an attempt to characterize their breach-of-contract claim as something more, Plaintiffs allege that Defendant Eagle Hemp "never intended to abide by the MSA and induced Mr. Bryant to sell Well Being under false pretenses." *Id.* at ¶ 9. Based on these assertions, Plaintiffs attempt to bring three Counts against the Defendants: Count I alleges a breach of the MSA against "all defendants"; Count II recasts the breach of contract claim by alleging fraudulent inducement against Eagle Hemp; and Count III alleges unjust enrichment against Eagle Hemp.

As discussed below, with the exception of Count I as to Eagle Hemp only, Plaintiffs' Amended Complaint fails as a matter of law and should be dismissed. First, Plaintiffs fail to state a breach of contract claim against Trim Life and Well Being because Trim Life and Well Being are not parties to the MSA. Thus, Count I as against Trim Life and Well Being should be dismissed. Because Count I is the only Count against Defendants Trim Life and Well Being, and fails as a matter of law as to those two Defendants, Trim Life and Well Being should be dismissed from this action.

Second, Counts II and III should be dismissed in their entirety. Under Pennsylvania law, the gist of the action doctrine bars Plaintiffs' fraudulent inducement claim. More specifically, Plaintiffs cannot "bring a tort claim for what is, in actuality, a claim for breach of contract." Here, the gist of the action is Plaintiffs' contention that Eagle Hemp breached a contract – the MSA – by replacing KorDev as the developer of Eagle Hemp's customer service management software. Because the gist of the action is a breach of contract claim, Plaintiffs' fraudulent inducement claim fails.

Third, Plaintiffs' unjust enrichment claim fails as a matter of law. That is because Pennsylvania law does not permit an unjust enrichment claim where, as here, there is an agreement governing the parties' conduct. Again, Count I asserts an express breach of contract claim rendering the unjust enrichment claim superfluous and improper.

Finally, as a companion claim to Plaintiffs' fraudulent inducement claim, Plaintiffs assert a claim for unjust enrichment. But because the fraud claim fails in the face of an express contract and should be dismissed, the unjust enrichment claim similarly fails.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 555 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**A.     Plaintiffs fail to State a Breach of Contract Claim Against Trim Life and Well Being.**

In Count I, Plaintiffs purport to being a cause of action against "all defendants" for breach of the MSA. *See* Am. Compl. Count I. But Trim Life and Well Being are not parties to the MSA and therefore could not have breached the MSA. On this basis, the claims against Trim Life and Well Being in Count I, which are the only claims asserted against Trim Life and Well Being, should be dismissed.

A cause of action for breach of contract requires pleading (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant

3

damages. *See Gen. State Auth. v. Coleman Cable & Wire Co.*, 365 A.2d 1347, 1349 (Pa. Commw. Ct. 1976). "While not every term of a contract must be stated in complete detail, every element must be specifically pleaded." *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999). "It is fundamental contract law that one cannot be liable for a breach of contract unless one is a party to that contract." *Electron Energy Corp.*, 597 A.2d 175, 177 (Pa. Super. Ct. 1991).

Defendants Eagle Hemp, Trim Life, and Well Being are distinct entities, each separately formed under state law. *See* Am. Compl. ¶¶ 14–16. By the MSA's very recitals, terms, and signature page, the only parties to the MSA are Eagle Hemp, LLC and KorDev LLC. *See* Am. Compl. Ex. E, at 1 (recitals naming and defining "Parties"); *id.* at ¶ 14 ("This Agreement is binding on and inures to the benefit of the Parties to this Agreement"); *id.* at ¶ 15 ("This Agreement benefits solely the Parties to this Agreement); *id.* at 7 (executed by Eagle Hemp, LLC and KorDev, LLC). No other entity was a party to the MSA, and Plaintiffs have not pleaded the existence of an alternative contract with Trim Life or Well Being. On this basis alone, the claims against Trim Life and Well Being on Count I should be dismissed.

Furthermore, to the extent Plaintiffs argue that these non-signatories were third-party beneficiaries, Plaintiffs' claim would still fail. "[T]he concept of a third-party beneficiary exists to give intended beneficiaries . . . standing to bring suit to obtain the benefits in question." *Konyk v. Pa. State Police of Commw. of Pa.*, 183 A.3d 981, 988 (Pa. 2018). "It does not exist to impose judicially-enforceable obligations on a person or entity who was not a party to the contract and may not even have known of its existence." *Id.* In other words,

> [a] third-party beneficiary is one who is given rights under a contract to which that person is not a party. Obligations under such a contract, including any obligations to third parties, are created by agreement between the signatories. . . . If the signatories so intend, a third party can enforce the contract against the signatory so obligated. *But the third-party beneficiary, who did not sign the contract, is not*

4

> *liable for either signatory's performance and has no contractual obligations to either.*

*Id.* (quoting *Motorsport Eng'g, Inc. v. Maserati SPA*, 316 F.3d 26, 29 (1st Cir. 2002)).

Accordingly, Trim Life and Well Being cannot be liable for a breach of the MSA as parties *or* third-party beneficiaries. Therefore, the breach of contract claim against Trim Life and Well Being should be dismissed.

**B.      The Gist of the Action Doctrine Bars Plaintiffs' Fraudulent Inducement Claim.**

In Count II, Plaintiff Bryant attempts to assert a claim for fraudulent inducement against Eagle Hemp, claiming that Eagle Hemp induced Bryant to enter into the transaction but then failed to honor its agreement. Am. Compl. ¶ 101; *see also id.* at ¶ 75. This claim fails as a matter of law for two reasons.

First, Bryant was not a party to either the APA or the MSA and has no standing to assert a fraudulent inducement claim in his individual capacity. The seller was Well Being Labs LLC, not Bryant. Moreover, under the APA, the "aggregate consideration for the Purchased Assets shall be the execution of the Master Services Agreement between Eagle Hemp LLC and KorDev, LLC, executed simultaneously with this Asset Purchase Agreement …." (Compl. Ex. D, APA, Section 1.02) Thus, if KorDev did not receive the consideration it was entitled to receive under the APA, then the injured party was KorDev, not Bryant. Of course, KorDev asserted the breach of contract claim in Count I against Eagle Hemp.

Second, Bryant attempts to "bring a tort claim for what is, in actuality, a claim for breach of contract." *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 60 (Pa. 2014). Under Pennsylvania law, "[i]f the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—*i.e.,* a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as

5

one for breach of contract." *Id.* at 68. "If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals . . . then it must be regarded as a tort." *Id.*

Here, Count II is rooted in an alleged breach of contract (the MSA), not tort, and fails to state a tort claim on that basis. Importantly, "the gist of the action doctrine bars tort claims concerning the promisor's intent to perform under the contract." *See, e.g., N. Am. Commc'ns, Inc. v. Herman*, No. CV 3:17-157, 2018 WL 2186422, at *3–4 (W.D. Pa. May 11, 2018) (collecting cases). "[V]arious district courts in [the Third] Circuit have found fraudulent inducement claims that are 'predicated upon misrepresentations as to a party's intent to perform under a contract' barred by the gist of the action doctrine." *Atl. Holdings, Ltd. v. Apollo Metals, Ltd.*, 263 F. Supp. 3d 526, 531 (E.D. Pa. 2017) (quoting *Vives v. Rodriguez*, 849 F. Supp. 2d 507, 520 (E.D. Pa. 2012)) (dismissing fraudulent inducement claim at motion to dismiss stage); *see also, e.g.*, *Malone v. Weiss*, No. CV 17-1694, 2018 WL 827433, at *4–5 (E.D. Pa. Feb. 12, 2018) (same); *Glob. Sourcing LLC v. DBDK Int'l, LLC*, No. CV 17-325, 2018 WL 723098, at *2 (E.D. Pa. Feb. 5, 2018) (same); *Agrotors, Inc. v. Ace Glob. Markets*, No. 1:13-CV-1604, 2014 WL 690623, at *5 (M.D. Pa. Feb. 24, 2014) (same).

As one district court has noted, "[t]here can be little doubt that a misrepresentation as to a party's intent to perform contractual duties 'concern[s] the performance of contractual duties.'" *Vives*, 849 F. Supp. 2d at 521 (quoting *eToll, Inc. v. Elias/Savion Advert., Inc.*, 811 A.2d 10, 19 (2002)). "And as one district court insightfully observed, '[p]ermitting a fraudulent inducement claim [based on the allegation that the defendant never intended to honor the contract] would essentially negate the entire . . . gist of the action doctrine because a [p]laintiff would have only to allege that [d]efendants never intended to abide by a provision in their contract in order to escape

dismissal.'" *N. Am. Commc'ns, Inc.*, 2018 WL 2186422 at *3–4 (quoting *Malone v. Weiss*, No. 12-1694, 2018 WL 827433, at 5 (E.D. Pa. 2018)).

Here, the crux of Bryant's fraudulent inducement claim is that Eagle Hemp "entered [sic] negotiations with Mr. Bryant and the Well Being ownership team seeking to substitute an exclusive services agreement *that it never intended to honor* as the consideration for the assets of Well Being." Am. Compl. ¶101 (emphasis added); *see also id.* at ¶ 75 ("Upon information and belief, Mr. Atkins never intended for Eagle and the companies in its control to abide by the MSA and induced Mr. Bryant and the ownership of Well Being to sell Well Being to Eagle under misleading pretenses"). In other words, Mr. Bryant alleges that Eagle Hemp never intended to perform its contractual duties under the MSA and that Eagle Hemp breached that contract. As the court in *Vives* confirmed, "there can be little doubt that a misrepresentation as to a party's intent to perform contractual duties 'concern[s] the performance of contractual duties." *Vives*, 849 F. Supp. 2d at 521. It is not something separate from the underlying breach.

Accordingly, because the duty breached—the duty to perform under an exclusive services agreement—is one created by contract and one Eagle Hemp would not have been obligated to perform but for the existence of the MSA, the fraud claim is a claim for breach of contract. For these reasons, Plaintiffs' fraud in the inducement claim should be dismissed under gist of the action.

## C.  Bryant's Unjust Enrichment Claim Fails Because the Parties' Conduct Is Governed by an Express Contract.

Bryant's unjust enrichment claim in Count III also fails as a matter of law. Unjust enrichment claims under Pennsylvania law fall into one of two categories: (1) a quasi-contract theory of liability, in which case the unjust enrichment claim is brought as an alternative to a breach of contract claim; or (2) a theory based on unlawful or improper conduct established by an

7

underlying claim, such as fraud, in which case the unjust enrichment claim is a companion to the underlying claim. *See, e.g., Zafarana v. Pfizer, Inc.*, 724 F. Supp. 2d 545, 561 (E.D. Pa. 2010).

Under the first theory, unjust enrichment requires: (1) the plaintiff conferred benefits upon the defendant; (2) the defendant realized those benefits; and (3) the defendant accepted and retained the benefits under circumstances in which it would be inequitable for it to retain them without payment of value. *Schenck v. K.E. David, Ltd.*, 666 A.2d 327 (Pa. Super. Ct. 1995).

Importantly, the first theory of unjust enrichment is inapplicable here because "[t]he doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract . . . ." *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006); *see also Wilson v. Parker*, 227 A.3d 343, 353 (Pa. Super. Ct. 2020). "Thus, an unjust enrichment claim cannot stand where it addresses conduct within the scope of the parties' agreement—even if the contract does not have a precise term governing the dispute at issue." *Hickey v. Univ. of Pittsburgh*, No. 2:20-CV-690, 2021 WL 1630579, at *5 (W.D. Pa. Apr. 27, 2021) (dismissing plaintiffs' UE claim because plaintiffs asserted in their complaint that the parties' relationship was governed by a contract). KorDev and Eagle Hemp entered the MSA, and that governs the Eagle Hemp's obligations to contract with KorDev. Of course, Bryant is not a party to the MSA (or the APA) and thus did not confer any benefit on Eagle Hemp.

The second theory of unjust enrichment is also doomed. Under the second theory, "an unjust enrichment claim may be pleaded as a companion, not an alternative, to a claim of unlawful or improper conduct as defined by law—*e.g.*, a tort claim." *SodexoMAGIC, LLC v. Drexel Univ.*, 333 F. Supp. 3d 426, 472–73 (E.D. Pa. 2018). "In the tort setting, an unjust enrichment claim is essentially another way of stating a traditional tort claim (*i.e.*, if defendant is permitted to keep the benefit of his tortious conduct, he will be unjustly enriched)." *Id.* But "[w]here the unjust

8

enrichment claim rests on the same improper conduct as the underlying tort claim, the unjust enrichment claim will rise or fall with the underlying claim." *Id.* In other words . . . , an unjust enrichment claim based on wrongful conduct cannot stand alone as a substitute for the failed tort claim." *Id*

Here, both theories fail. First, Plaintiffs admit that the relationship between the parties is founded upon a written agreement that governs the parties' conduct. *See* Am. Compl. Exs. D (the APA) & E (the MSA). Accordingly, the "doctrine of unjust enrichment is inapplicable" under the quasi-contract theory. *Wilson Area*, 895 A.2d at 1254. Second, because the fraudulent inducement claim is barred by the gist of the action doctrine (as detailed above), the unjust enrichment claim cannot stand alone and must be dismissed. Accordingly, the Court should dismiss Count III.

### III. CONCLUSION

For the foregoing reasons, Defendants Trim Life and Well Being should be dismissed from this action. Further, Counts II and III should be dismissed for failing to state a claim. And because this is KorDev's second attempt to state a claim, the dismissal should be with prejudice.

DATE: December 20, 2021

Respectfully submitted,

*/s/ John K. Gisleson*
John K. Gisleson, Esquire (PA62511)
Steven N. Hunchuck, Esquire (PA327892)
Morgan, Lewis & Bockius LLP
One Oxford Centre
Thirty-Second Floor
301 Grant Street
Pittsburgh, PA 15219
(412) 560-3300 (telephone)
(412) 560-7001 (facsimile)
john.gisleson@morganlewis.com
steven.hunchuck@morganlewis.com

Kenneth M. Kliebard, Esquire (*pro hac vice* to be filed)
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive
Chicago, IL 60606-1511
(312) 324-1774 (telephone)
(312) 324-1001 (facsimile)
kenneth.kliebard@morganlewis.com

*Counsel for Defendants, Eagle Hemp, LLC, Trim Life Labs LLC, and Well Being Labs, LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to Judge Ranjan's Practices and Procedures II(c), I hereby certify that Defendants have made good-faith efforts to confer with Plaintiffs to determine whether certain pleading deficiencies properly may be cured by amendment.

*/s/ John K. Gisleson*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2021, a true and correct copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** was electronically filed with the Clerk of Court for the Western District of Pennsylvania using the Court's CM/ECF Court Filing system, which will send notification of such filing to all registered counsel of record.

*/s/ John K. Gisleson*
John K. Gisleson