IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KORDEV LLC and MICHAEL BRYANT,<br><br>Plaintiffs,<br><br>v.<br><br>EAGLE HEMP, LLC, TRIM LIFE LABS, LLC, and WELL BEING LABS, LLC,<br><br>Defendants. | No. 2:21-cv-01341-NR |

**REPLY OF DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

**I.    Kordev Has No Claim Against Trim Life and Well Being.**

As Defendants established, Trim Life and Well Being are not parties to the MSA and Count I should be dismissed as to them. Kordev responds that Eagle Hemp bound Trim Life and Well Being to the MSA as their agent based on "ownership" and "control." Resp. 3. But these conclusory allegations are insufficient under *Iqbal/Twombly* to establish agency based on corporate affiliation. *See E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 198 (3d Cir. 2001) ("One corporation whose shares are owned by a second corporation does not, by that fact alone, become the agent of the second company."). Nor did the Amended Complaint allege *any* facts showing that Eagle Hemp acted as Trim Life's and Well Being's agent concerning the MSA. And KorDev does not dispute that Trim Life and Well Being are not third-party beneficiaries under the MSA and thus cannot be liable to KorDev on that basis. Mem. 4-5.

Plaintiffs' reliance on *Fencourt Reinsurance Co. v. ITT Indus., Inc.*, No. CIV.A. 06-4786, 2008 WL 2502139, at *7 (E.D. Pa. June 20, 2008) (Resp. p. 4), to get around this conclusion is misplaced. The issue there was whether a wholly owned subsidiary was bound to an arbitration

agreement included in a larger Distribution Agreement ("DA") governing the re-organization of a parent company into separate entities. The court found the plaintiff was bound to the arbitration agreement after analyzing the language of the DA, explaining that "paragraph by paragraph, specific definitions and terms clearly establish that the DA govern[ed] the financial relationship between and among [the parent corporation] and its wholly owned subsidiaries prior to [a] merger, and between and among the entities formed after the merger, including wholly owned subsidiaries such as [the plaintiff]." *Id.* That fact-driven decision has no application to the MSA or APA here.

A fair construction of the MSA and APA does not support KorDev's claim as a matter of law. KorDev did not cite any language in the MSA establishing agency, while the APA contains no language binding any Defendant other than Eagle Hemp. *See* Resp. at 4-5. First, § 4.01 of the APA (Organization and Authority of Buyer) is identical to § 3.01 (Organization and Authority of Seller); these clauses stand for the unremarkable proposition that Buyer is authorized to Buy and Seller is authorized to Sell. Importantly, the language in § 4.01 is recursive and continuously refers to "Buyer" and "Buyer's obligations"; "to which Buyer is a party"; "valid and binding obligations of Buyer"; "enforceable against Buyer." The APA, of course, defines "Buyer" as Eagle Hemp alone. Section 4.01 does not warrant, explicitly or implicitly, that Eagle Hemp had actual or apparent authority to bind or make liable any entity other than Eagle Hemp. Second, the same goes for § 5.04—this clause does not mention the other Defendants or suggest that Buyer was representing authority to bind them. Nor does it mention wholly owned subsidiaries. KorDev did not fairly or accurately interpret the APA's selected language. As such, KorDev fails here.

KorDev next argues that "Eagle Hemp, Trim Life, and Well Being are effectively one and the same, with Trim Life and Well Being operating as mere instrumentalities of Eagle Hemp." KorDev asserts that "because Well Being and Trim Life operate as arms of the same business

group and as alter egos of Eagle Hemp, all three are bound by the MSA." Resp. at 3. But KorDev alleges no facts to establish veil piercing. Indeed, neither "alter ego," "captured," "mere instrumentalities, "one and the same" "arms of the same," nor "dominant"—veil piercing rhetoric—can be found anywhere in the Amended Complaint, and Plaintiffs' attempt to amend their complaint through a response brief is inappropriate. Plaintiffs also allege ownership and control—neither of which is sufficient to impose liability as a matter of law. *See* Resp. at 3 (citing Am. Compl. ¶¶ 8, 15-16 & 62); *cf. Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001) ("[M]ere ownership of a subsidiary does not justify the imposition of liability on the parent. Nor will liability be imposed on the parent corporation merely because directors of the parent corporation also serve as directors of the subsidiary.") (internal citations omitted). The Amended Complaint alleges no facts supporting that these three entities are one in the same. *Id.* ("Such a burden is notoriously difficult for plaintiffs to meet.").

In a final attempt to roll these independent entities into a single ball, Plaintiffs cite *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 771 (1984) (Resp. p. 5), for the unremarkable proposition that a parent and its wholly owned subsidiary "have a complete unity of interest." But this proposition has no bearing on whether a parent entity binds subsidiaries to a specific contract. In *Copperweld*, the Court was deciding whether a parent and its wholly owned subsidiary have unified interest in terms of *antitrust conspiracy liability*, not contract liability. *Id.* ("[T]he coordinated activity of a parent and its wholly owned subsidiary must be viewed as that of a single enterprise *for purposes of § 1 of the Sherman Act*") (emphasis added).

II. **Bryant's Fraudulent Inducement Claim Fails as a Matter of Law.**

*First,* Mr. Bryant cannot overcome that he lacks standing to bring his fraudulent inducement claim. He argues that his "claim for fraud in the inducement is rooted not in the breach

of the MSA but in Barry Atkins's (the CEO of Eagle Hemp) promise of what he knew to be empty consideration in order to induce Mr. Bryant to enter into the APA." Resp. at 7. But this ignores two things. First, Mr. Bryant did not enter into anything as he was not a party to the APA, a fact Plaintiffs do not dispute. The APA had two parties: Eagle Hemp and Well Being. Nor was Mr. Bryant a party to the MSA—he even concedes that "only KorDev may allege the breach of the MSA." Resp. at 1, 8. He thus ignores that a corporate entity is legally distinct from its owners. *See Mortimer v. McCool*, 255 A.3d 261, 277 (Pa. 2021) (quoting *Commw. ex rel. Att'y Gen. v. Monongahela Bridge Co.*, 64 A. 909, 911 (Pa. 1906) ("[A] corporation is an entity irrespective of, and entirely distinct from, the persons who own its stock").; Resp. 9 ("Mr. Bryant, as a previous owner of Well Being, sold the assets of that company to Eagle Hemp.")

***Second***, he cannot overcome the gist of the action bar. He concedes that gist of the action can "preclude a fraud in the indument claim where there is also a breach of contract" and that gist of the action bars tort actions where "the breach of duty amounts to a breach of a contractual duty." Resp. at 6. Here, no matter how many ways Plaintiff tries to re-phrase it, the duty allegedly breached—to pay the contemplated consideration under the APA—amounts to a breach of a contractual duty, triggering the bar. Resp. 2 ("Eagle Hemp took ownership of all of the assets of Well Being without any meaningful consideration.").

Plaintiffs rely on *Air Products & Chemicals, Inc. v. Eaton Metal Products Co.*, 256 F. Supp. 2d 329, 341 (E.D. Pa. 2003), for the proposition that Mr. Bryant's claim rests on separate social polices such that it can survive gist of the action. Not so. In *Air Products*, the alleged fraudulent inducement was collateral to the contract. There, the defendant "misrepresented its objective qualifications to adequately perform the contract." *Id.* at 342. The court explained the importance of those objective qualifications, specifically noting the potential for "extremely

dangerous results" if the party wasn't qualified to perform the contract. *Id.* The court also found that the defendant's obligation to be certified "was not imposed by contract, but rather 'was imposed as a matter of social policy.'" *Id.* Here, Mr. Bryant alleged no facts that Defendants misrepresented their objective qualifications to induce him into entering the APA. Rather, the allegations are that Defendants never intended to perform the *contractual duty of paying the consideration under the APA*. *See, e.g.*, Am. Compl. ¶ 101; ¶ 75. As Defendants explained in their opening brief, "there can be little doubt that a misrepresentation as to a party's intent to perform contractual duties 'concern[s] the performance of contractual duties.'" Mem. 5-7.

### III.     Bryant's Unjust Enrichment Claim Is Not an Independent Cause of Action.

Mr. Bryant incorrectly asserts that Defendants must either admit he has standing to bring his fraud claim or admit that he "conferred a tremendous benefit on Eagle Hemp by selling all of the assets of Well Being to Eagle Hemp." Resp. at 9-10. Mr. Bryant does not have standing precisely because *he* did not confer any benefit on Eagle Hemp. *See* APA at 4 (defining Buyer and Seller). He was not a party to the APA or MSA and did not transfer *his* membership in the Well Being LLC entity; rather, the APA transferred specific assets from Well Being to Eagle Hemp. *See* APA § 1.01(a)-(i). Mr. Bryant therefore has no standing because he has not been injured. Finally, even if he could overcome his standing deficiency, Mr. Bryant cannot overcome the gist of the action bar. Without a companion tort claim, Mr. Bryant's unjust enrichment claim fails. *See* Mem. 7-9.

### CONCLUSION

For the foregoing reasons, Defendants Trim Life and Well Being should be dismissed from this action. Further, Counts II and III should be dismissed for failure to state a claim. And because this is Plaintiffs' second attempt to state a claim, the dismissal should be with prejudice.

DATE: February 15, 2022               Respectfully submitted,

*/s/ John K. Gisleson*
John K. Gisleson, Esquire (PA62511)
Steven N. Hunchuck, Esquire (PA327892)
Morgan, Lewis & Bockius LLP
One Oxford Centre
Thirty-Second Floor
301 Grant Street
Pittsburgh, PA 15219
(412) 560-3300 (telephone)
(412) 560-7001 (facsimile)
john.gisleson@morganlewis.com
steven.hunchuck@morganlewis.com

Kenneth M. Kliebard, Esquire (*pro hac vice* to be filed)
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive
Chicago, IL 60606-1511
(312) 324-1774 (telephone)
(312) 324-1001 (facsimile)
kenneth.kliebard@morganlewis.com

*Counsel for Defendants, Eagle Hemp, LLC, Trim Life Labs LLC, and Well Being Labs, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of February 2022, I caused a true and correct copy of the foregoing REPLY OF DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT to be served via First Class U.S. Mail and Electronic Mail on the following counsel of record:

Owen J. McGrann
George E. McGrann
McGRANNLAW LLC
4108 Spruce Road
Gibsonia, PA 15044
owen@mcgrannlaw.com
gemcg@mcgrannlaw.com

*Counsel for Plaintiffs*

*/s/ John K. Gisleson*