# Master Services Agreement

This Master Services Agreement (this "**Agreement**"), dated as of July 8th, 2021 (the "**Effective Date**"), is by and between KorDev, LLC, a Wyoming limited liability company, with offices located at 2408 James St, Aliquippa, PA 15001 ("**Consultant**") and Eagle Hemp LLC, a Florida limited liability company, with offices located at 2855 Interstate Drive, Suite 111, Lakeland, FL 33805 ("**Customer**" and together with Consultant, the "**Parties**", and each a "**Party**").

**WHEREAS**, Consultant desires to provide certain services related to the operation and maintenance of online marketing traffic consulting, CRM and e-commerce development, and customer service (the "**Business**"), subject to the terms and conditions set forth herein; and

**WHEREAS**, Company desires to retain Consultant to provide such services related to the Business and other services subject to the terms and conditions set forth herein.

**NOW, THEREFORE**, in consideration of the foregoing and the mutual representations, warranties and covenants set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree to the foregoing and as follows:

1.      Exclusivity.  Consultant shall be the exclusive provider of traffic consulting, e-commerce development services, and customer services for Well Being Labs, LLC; Eagle Hemp LLC; and any other company or Brand owned and/or created and for which the Parties execute a Statement of Work, for the duration of this Agreement (a "**Covered Brand**").  As of the execution of this Agreement, Eagle Hemp LLC; Trim Life Labs LLC; and Well Being Labs, LLC are the existing Covered Brands.

2.      Services.

2.1      Statements of Work. During the Term (as defined below), Consultant will provide Company with certain consulting services (collectively, the "**Services**"), as further set forth in one or more mutually executed Statements of Work (each, a "**Statement of Work**"), substantially in the form attached as Exhibit A hereto. In addition to the terms set forth in Exhibit A, Consultant may, but is not required to, provide to Company certain results or proceeds of the Services that are identified as "deliverables" in a Statement of Work (the "**Deliverables**"). Each Statement of Work will specifically identify this Agreement and indicate that it is subject to the terms hereof. To the extent that there are any conflicts or inconsistencies between this Agreement and any Statement of Work, the provisions of this Agreement shall govern and control.

2.2      Subcontractor**s**. Consultant may perform the Services and other obligations under this Agreement through subcontractors and agents ("**Subcontractors**"). Consultant shall be responsible for the acts and omissions of such Subcontractors, including, but not limited to, the payment for any money owed to the Subcontractors.

Exhibit E

2.3     Services Provided.  For each brand and/or company for which a Statement of Work is issued, the following services shall be contracted for and supplied:

(a)     traffic consulting, including identifying and placing marketing and advertisements designed to provide leads to Customer's sales funnels;

(b)     e-commerce development, including a personalized CRM; and

(c)     call, SMS, and email support and sales conversion services for Customer.

2.4     Disclaimer.  Consultant shall not be responsible for payment of any marketing or advertising, nor does Consultant guarantee any traffic.  Further, Consultant shall not be responsible in any fashion for any SEO or traffic drawn to Customer's site; Customer specifically waives any claims against Consultant, whether sounding in contract or tort, resulting from traffic and/or sales regardless of any direct or consequential damages suffered by Customer.

3.     Consultant Obligations. Consultant shall dedicate the time necessary to perform the traffic consulting services indicated in Section 2, *supra*.

4.     Customer Obligations. Customer shall:

4.1     Designate one of its employees or agents to serve as its primary contact with respect to this Agreement and to act as its authorized representative with respect to matters pertaining to this Agreement (the "**Customer Contract Manager**"), with such designation to remain in force unless and until a successor Customer Contract Manager is appointed.

4.2     Promptly inform Contractor within 72 hours of the creation and/or introduction of a new company and/or brand ("**Potential Brand**") and, if Customer seeks to use another vendor to provide traffic management, e-commerce development, or customer service to the Potential Brand, Customer shall submit the vendor's offer to Contractor. Contractor shall have the right to match the offer and, if Contractor does match, the Potential Brand shall be deemed a Covered Brand and Customer shall execute a Statement of Work for the new Covered Brand within seven (7) days.

4.3     Require that the Customer Contract Manager respond promptly to any reasonable requests from Consultant for instructions, information, or approvals required by Consultant to provide the Services.

4.4     Customer shall send all pertinent documents requested by Consultant and cooperate fully with Consultant to enable Consultant to perform the stated services in this Agreement.

4.5     Take all steps necessary, including obtaining any required licenses or consents, to prevent Customer-caused delays in Consultant's provision of the Services.

4.6     Customer shall be responsible for the accuracy, completeness, and propriety of information concerning its products and services which it furnishes to Consultant verbally or in writing in connection with the performance of this Agreement.

5.      Fees and Expenses.

5.1     In consideration for the Services provided by the Consultant and the rights granted to Customer under this Agreement, for each Covered Brand, Customer or the Covered Brand shall execute a Statement of Work substantially similar to the exemplar in Exhibit A.

5.2     Eagle Hemp LLC and Well Being Labs, LLC agree to pay according to the following schedule of fees and expenses:

(a)     $10,000.00 per month for traffic consulting for Eagle Hemp LLC and Well Being Labs, LLC for the term set forth in Section 6;

(b)     a 0.375% revenue share for all revenue, to be paid weekly;

(c)     $6,500.00 per month for e-commerce development and ongoing maintenance;

(d)     $3,500.00 per month for inbound customer service, only in the event that a Covered Brand chooses to use Consultant for customer service functions; and

(e)     a 30% revenue share of conversions of payment declinations and partial data declinations, due on the 1st and 15th of each month.  If Eagle Hemp LLC, Well Being Labs, LLC, or KorDev LLC notice a significant deviation from industry norms, the affected Parties will arrange for a true-up of accounts within seven (7) days of notice provided.

5.3     Payment to Consultant of such fees and the reimbursement of expenses pursuant to this Section 5 shall constitute payment in full for the performance of the Services.  Payments shall be made by wire transfer to:

KorDev, LLC
2408 James Street
Aliquippa, PA 15001
PNC Bank
Routing No.: 043000096
Account No.: 1053047675

5.4     Full monthly payments of $16,500.00 for each Covered Brand are required on the 1st day of each month following delivery of the previous month's invoice.  If the Covered Brand elects to engage Consultant for customer service, full monthly payments of $20,000.00 shall be due on the 1st of each month following delivery of the previous month's invoice.  A grace period of two (2) days will be granted, after which a 15% late feel will apply. Consultant shall have the right to halt performance of its work until payment in full is received each month.

5.5     The fees indicated in Section 5.1 shall be adjusted upward to reflect the rate of inflation (if there has been inflation over the course of the previous year) on January 1st of each year this Agreement is in force.

5.6     Full weekly revenue share payments shall be paid each Monday (or, if Monday is a holiday, then on Tuesday) following the calculation of the previous week's revenue.  A grace period of one (1) day will be granted, after which a 15% late fee will apply. Consultant shall have the right to halt performance of its work until payment in full is received each month.

5.7     Customer shall reimburse Consultant for all reasonable expenses incurred within fifteen (15) days of receipt by the Customer of an invoice from Consultant accompanied by receipts and reasonable supporting documentation.

5.8     Customer shall be responsible for all sales, use, and excise taxes, and any other similar taxes, duties, and charges of any kind imposed by any federal, state, or local governmental entity on any amounts payable by Customer hereunder; provided, that in no event shall Customer pay or be responsible for any taxes imposed on, or with respect to, Consultant's income, revenues, gross receipts, personnel, or real or personal property, or other assets.

5.9     Customer acknowledges that the services contemplated in this Agreement are intangible services and that by rendering monthly payment according to the Schedule of Payments, Customer is satisfied with the Work Consultant has performed.

5.10    Projects that go dormant for longer than forty-five (45) days as a result of Customer's delay will incur fee of $1,000 to resume work at the discretion of Consultant.

6.    Term.  The term shall be three (3) years, after which this agreement shall be renewed on a year-to-year basis unless one of the parties terminates this agreement pursuant to Section 7, *infra*.

7.    Termination.  No party may terminate this Agreement without cause.  Allegations of for-cause termination must provide written notice of the alleged termination cause:

7.1     by Consultant, if Customer fails to pay any amount when due hereunder and such failure continues for forty-five (45) days after Customer's receipt of written notice of nonpayment;

7.2     by Consultant, if Customer fails to pay any amount when due hereunder more than three (3) times in any nine (9) month period;

7.3     by either Party, if the other Party materially breaches any provision of this Agreement and either the breach cannot be cured or, if the breach can be cured, it is not cured by the breaching Party within forty-five (45) days after the breaching Party's receipt of written notice of such breach; or

7.4     Consultant upon the occurrence of a Force Majeure Event that lasts longer than forty-five (45) days.

Should Customer initiate termination without cause, it, and any Covered Brands, shall be immediately liable for payment of all payments due for the remainder of this Agreement and any Statements of Work.

8.  <u>Warranties and Limitation of Liability</u>.  CONSULTANT MAKES NO WARRANTIES. ALL WARRANTIES, EXPRESS AND IMPLIED, ARE EXPRESSLY DISCLAIMED.

9.  <u>Limitation of Liability</u>.

9.1  IN NO EVENT SHALL CONSULTANT BE LIABLE TO CUSTOMER OR TO ANY THIRD PARTY FOR ANY LOSS OF USE, REVENUE, OR PROFIT OR LOSS OF DATA OR DIMINUTION IN VALUE, OR FOR ANY CONSEQUENTIAL, INCIDENTAL, INDIRECT, EXEMPLARY, SPECIAL, OR PUNITIVE DAMAGES WHETHER ARISING OUT OF BREACH OF CONTRACT, TORT (INCLUDING NEGLIGENCE), OR OTHERWISE, REGARDLESS OF WHETHER SUCH DAMAGE WAS FORESEEABLE AND WHETHER OR NOT CONSULTANT HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, AND NOTWITHSTANDING THE FAILURE OF ANY AGREED OR OTHER REMEDY OF ITS ESSENTIAL PURPOSE.

9.2  IN NO EVENT SHALL CONSULTANT'S AGGREGATE LIABILITY ARISING OUT OF OR RELATED TO THIS AGREEMENT, WHETHER ARISING OUT OF OR RELATED TO BREACH OF CONTRACT, TORT (INCLUDING NEGLIGENCE), OR OTHERWISE, EXCEED THE AGGREGATE AMOUNTS PAID OR PAYABLE TO CONSULTANT PURSUANT TO THIS AGREEMENT IN THE ONE (1) YEAR PERIOD PRECEDING THE EVENT GIVING RISE TO THE CLAIM.

10.  <u>Entire Agreement</u>. This Agreement constitutes the sole and entire agreement of the Parties with respect to the subject matter contained herein, and supersedes all prior and contemporaneous understandings, agreements, representations and warranties, both written and oral, regarding such subject matter.

11.  <u>Severability</u>. If any term or provision of this Agreement is found by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any jurisdiction, such invalidity, illegality, or unenforceability shall not affect any other term or provision of this Agreement or invalidate or render unenforceable such term or provision in any other jurisdiction. Upon a determination that any term or provision is invalid, illegal, or unenforceable, the Parties shall negotiate in good faith to modify this Agreement to effect the original intent of the Parties as closely as possible in order that the transactions contemplated hereby be consummated as originally contemplated to the greatest extent possible.

12.  <u>Amendments</u>. No amendment to or modification of or rescission, termination, or discharge of this Agreement is effective unless it is in writing, identified as an amendment to or rescission, termination, or discharge of this Agreement and signed by an authorized representative of each Party.

13.  <u>Waiver</u>. No waiver by any Party of any of the provisions of this Agreement shall be effective unless explicitly set forth in writing and signed by the Party so waiving. Except as otherwise set forth in this Agreement, no failure to exercise, or delay in exercising, any right, remedy, power, or privilege arising from this Agreement shall operate or be construed as a waiver thereof, nor shall any single or partial exercise of any right, remedy, power, or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power, or privilege.

14.     <u>Successors and Assigns</u>. This Agreement is binding on and inures to the benefit of the Parties to this Agreement and their respective permitted successors and permitted assigns.

15.     <u>No Third-Party Beneficiaries</u>. This Agreement benefits solely the Parties to this Agreement and their respective permitted successors and assigns and nothing in this Agreement, express or implied, confers on any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Agreement.

16.     <u>Choice of Law</u>. This Agreement and all related documents are governed by, and construed in accordance with, the laws of the Commonwealth of Pennsylvania, United States of America (including its statutes of limitations).

17.     <u>Choice of Forum</u>. Each Party irrevocably and unconditionally agrees that it will not commence any action, litigation, or proceeding of any kind whatsoever against the other Party in any way arising from or relating to this Agreement, including all exhibits, schedules, attachments, and appendices attached to this Agreement, and all contemplated transactions, including, but not limited to, contract, equity, tort, fraud, and statutory claims, in any forum other than the US District Court for the Western District of Pennsylvania or the courts of the Commonwealth of Pennsylvania sitting in Allegheny County, and any appellate court from any thereof. Each Party irrevocably and unconditionally submits to the exclusive jurisdiction of such courts and agrees to bring any such action, litigation, or proceeding only in the US District Court for the Western District of Pennsylvania or the courts of the Commonwealth of Pennsylvania sitting in Allegheny County. Each Party agrees that a final judgment in any such action, litigation, or proceeding is conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

18.     <u>WAIVER OF JURY TRIAL</u>. EACH PARTY ACKNOWLEDGES THAT ANY CONTROVERSY THAT MAY ARISE UNDER THIS AGREEMENT, INCLUDING EXHIBITS, SCHEDULES, ATTACHMENTS, AND APPENDICES ATTACHED TO THIS AGREEMENT, IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES AND, THEREFORE, EACH SUCH PARTY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LEGAL ACTION ARISING OUT OF OR RELATING TO THIS AGREEMENT, INCLUDING ANY EXHIBITS, SCHEDULES, ATTACHMENTS, OR APPENDICES ATTACHED TO THIS AGREEMENT, OR THE TRANSACTIONS CONTEMPLATED HEREBY.

19.     <u>Attorneys' Fees and Costs</u>.  If any legal action or other proceeding is brought in connection with this Agreement, the successful or prevailing Party, if any, shall be entitled to recover reasonable attorneys' fees and other related costs, in addition to any other relief to which that Party is entitled. In the event that it is the subject of dispute, the court or trier of fact who presides over such legal action or proceeding is empowered to determine which Party, if any, is the prevailing party in accordance with this provision.

20.     <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which is deemed an original, but all of which together are deemed to be one and the same agreement.  A signed copy of this Agreement delivered by facsimile, email, or other means of electronic transmission is deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

[*signature page to follow*]

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed as of the Effective Date by their respective duly authorized officers.

EAGLE HEMP, LLC

By *Barry Atkins*_____

Name: Barry Atkins

Title: President & COO


KORDEV, LLC

By *Michael Bryant*_____

Name: Michael J. Bryant

Title: CEO

**Form of Statement of Work**

This Statement of Work ("**Statement of Work**"), dated as of [SOW DATE] (the "**Statement of Work Effective Date**"), is between KorDev, LLC, a Wyoming limited liability company ("**Consultant**") and [COMPANY], a [JURISDICTION] [ENTITY TYPE] ("**Company**"), and is entered into pursuant to, incorporated by reference to, and otherwise made a part of that certain Master Service Agreement, dated as of July 8, 2021, by and between Consultant and Eagle Hemp LLC (the "**Agreement**"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Agreement.

1. <u>Description of Services</u>.
    a. Contractor shall provide the following services:

        i. traffic consulting including identifying and placing marketing and advertisements designed to provide leads to Customer's sales funnels;

        ii. e-commerce development, including a personalized CRM; and

        iii. call, SMS, and email support and sales conversion services for Customer.

2. <u>Fees and Expenses</u>.
    a. In consideration for the Services provided by the Consultant and the rights granted to Company under this Statement of Work Company shall pay the following schedule of fees and expenses:"

        i. $5,000.00 per month for traffic consulting for each offer and/or traffic source;

        ii. a 0.375% revenue share for all revenue generated, to be paid weekly;

        iii. $6,500.00 per month for e-commerce development;

        iv. $3,500.00 per month for customer service inbound customer service, only in the event that a Company chooses to use Consultant for customer service functions; and

        v. a 30% revenue share of conversions of payment declinations and partial data declinations, due on the 1st and 15th of each month. If Customer or Contractor notice a significant deviation from industry norms, the Parties will arrange for a true-up of accounts within seven (7) days of notice provided.

    b. Payment to Consultant of such fees and the reimbursement of expenses pursuant to this Statement of Work shall constitute payment in full for the performance of the Services. Payments shall be made by wire transfer to:

KorDev, LLC
2408 James Street
Aliquippa, PA 15001
PNC Bank
Routing No.: 043000096
Account No.: 1053047675

3. <u>Notices</u>. Any notice or other communication required or permitted by this Agreement to be given to a Party shall be in writing and shall be deemed given: (a) if delivered personally or by commercial messenger or courier service, then when actually delivered; (b) if sent by certified or registered mail, return receipt requested, then upon verification of receipt; or (c) if sent via email or facsimile transmission, then upon acknowledgment of receipt, in each case addressed to the addresses set forth directly below unless a change thereof previously has been given to the Party giving the notice.

If to Company, to:

[ADDRESS]
Attn: _____
Email: _____

If to Consultant, to:

KorDev, LLC
2408 James Street
Aliquippa, PA 150001
Attn: Michael Bryant
Email: michael@michaeljbryant.com

<u>Additional Note</u>: Company acknowledges and understands that the creation and operation of a new brand involves participation in e-commerce which is an ever-changing industry that is subject to many different types of risk. Company acknowledges and agrees that in assessing such risk, Company has relied on its own analysis and sought the advice of its own independent advisors in all respects and does not rely in any part on any representations of any kind made at any time by Consultant.

[*signature page to follow*]

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed as of the Effective Date by their respective duly authorized officers.

[COMPANY]


By_____

Name:

Title:


KORDEV, LLC


By_____

Name: Michael J. Bryant

Title: CEO

 

## Document Details

| | |
|---|---|
| **Title** | Well Being Labs Acquisition - Final Docs |
| **File Name** | Eagle Hemp and Well Being Labs - Asset Purchase Agreement 7-12-21.pdf, Eagle Hemp LLC - Master Services Agreement 7-12-2021.pdf |
| **Document ID** | 4eef54978a1e49039963e0374b572e43 |
| **Fingerprint** | 224ebb8291d7af7f808037e2e8777a3e |
| **Status** | Completed |

## Document History

| | | |
|---|---|---|
| **Document Created** | Document Created by Owen McGrann (owen@mcgrannlaw.com)<br>Fingerprint: 224ebb8291d7af7f808037e2e8777a3e | Jul 12 2021<br>08:23PM UTC |
| **Document Sent** | Document Sent to Michael Bryant (michael@michaeljbryant.com) | Jul 12 2021<br>08:23PM UTC |
| **Document Sent** | Document Sent to Barry Atkins (barry.atkins@eaglehemp.net) | Jul 12 2021<br>08:23PM UTC |
| **Document Viewed** | Document Viewed by Michael Bryant (michael@michaeljbryant.com)<br>IP: 24.3.3.80 | Jul 12 2021<br>08:24PM UTC |
| **Document Viewed** | Document Viewed by Michael Bryant (michael@michaeljbryant.com)<br>IP: 24.3.3.80 | Jul 12 2021<br>08:28PM UTC |
| **Document Signed** | Document Signed by Michael Bryant (michael@michaeljbryant.com)<br>IP: 24.3.3.80 | Jul 12 2021<br>08:28PM UTC |
| **Document Viewed** | Document Viewed by Barry Atkins (barry.atkins@eaglehemp.net)<br>IP: 131.148.93.66 | Jul 12 2021<br>08:29PM UTC |
| **Document Signed** | Document Signed by Barry Atkins (barry.atkins@eaglehemp.net)<br>IP: 131.148.93.66 | Jul 12 2021<br>08:32PM UTC |
| **Document Completed** | This document has been completed.<br>Fingerprint: 915b0a0c96b4dc2879a605ad8b98d00f | Jul 12 2021<br>08:33PM UTC |

