**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KORDEV LLC, | ELECTRONICALLY FILED |
| Plaintiff, | |
| v. | No. 2:21-cv-01341-NR |
| EAGLE HEMP, LLC and TRIM LIFE LABS LLC, | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

KorDev LLC ("Plaintiff" or "KorDev"), by and through counsel, hereby files this Response to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint.

**I.      Introduction**

After hearing argument on Defendants' Motion to Dismiss Plaintiffs' Amended Complaint on August 8, 2022, this Court granted Defendants' Motion. *See* ECF 25.  The Court did grant leave to Plaintiff to file a Second Amended Complaint and on August 16, 2022, Plaintiff KorDev LLC (Plaintiff or "KorDev") filed its Second Amended Complaint ("SAC") setting forth more specific facts supporting an "enterprise or single-entity" or "alter ego" theory of liability as to Trim Life Labs, LLC ("Trim Life"). Id., ECF 27.

The general facts of this matter are now known by the Court.  In July of 2021, Eagle Hemp, LLC ("Eagle Hemp") purchased the assets of Well Being Labs, LLC ("Well Being"). SAC ¶ 44.  Consideration for this purchase was the execution of a three-year Master Services Agreement ("MSA") with KorDev.  Id. at ¶ 43; *see also* SAC Ex. D.  Eagle Hemp made two small weekly revenue share payments and has otherwise failed to make a single payment under the MSA.  Id. at ¶ 70.  Eagle Hemp

terminated the MSA without notice or cause, nor did it provide the cure period required under the MSA.  Id. at 78, 79, 84, 85.

Eagle Hemp stole a company.

The salient aspects of the Second Amended Complaint for the purposes of Defendants' Motion to Dismiss revolve around whether Plaintiff has sufficiently pleaded facts as to support extending liability to Trim Life via a "single-enterprise" or "alter ego" theory of liability.  Defendants' Motion to Dismiss requests this Court to dismiss Trim Life from this matter for lack of a sufficiently specific pleading prior to Plaintiff having any opportunity to conduct discovery to determine corporate facts not publicly known, but suspected.   In essence, Plaintiff pleads that there is a commonality of ownership, that Eagle Hemp (or Eagle Hemp's leadership) controls Trim Life, that Trim Life was and likely remains undercapitalized, and that Trim Life was wholly reliant upon centrally controlled assets controlled by Eagle Hemp.  Id. at 8, 14, 46, 47, 86-91

## II.    Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a Complaint must be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Detailed factual pleading is not required – Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" – but a Complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Complaints must be construed so "as to do substantial justice." Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)).

The plausibility standard does not require a showing of probability that a claim has merit, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. Determining the

plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

A claim is plausible when the plaintiff alleges facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 555. The United States Court of Appeals for the Third Circuit instructs that a District Court must undertake three steps to determine whether a complaint sets forth a plausible claim for relief:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

### III.   Argument

#### A.   KorDev has adequately pleaded facts to support single-enterprise liability for Trim Life.

This Court proffered Seven Springs Mountain Resort, Inc. on behalf of Sikirica v. Hess, 2022 WL 1004178 (April 4, 2022 W.D. Pa) as a model for what a successfully pleaded alter ego or single-entity theory should look like.  ECF 25.  Judge Haines provides a thorough accounting of the evolving Pennsylvania law on alter ego and single-enterprise theories of liability in Seven Springs, and some of the particulars require attention for our purposes here.

The Pennsylvania Supreme Court settled an open question and recognized the viability of a single-enterprise theory of liability in Mortimer v. McCool, 255 A.3d 261 (Pa. 2021).  In Mortimer, the Pennsylvania Supreme Court adopted the five-part test set forth in Miners, Inc. v. Alpine Equip. Corp., 722 A.2d 691 (Pa. Super. 1998), which instructs courts to evaluate the following five considerations: (1) identity of ownership, (2) unified administrative control, (3) similar or supplementary business

functions, (4) involuntary creditors, and (5) insolvency of the corporation against which the claim lies. <u>Mortimer</u> at 270.

KorDev has pleaded facts that support a claim under the single-enterprise theory of liability as adopted by the Pennsylvania Supreme Court. Both Eagle Hemp and Trim Life are owned by George Southworth and Barry Atkins. SAC ¶¶ 86, 87. George Southworth is the Registered Agent and Managing Member of both Eagle Hemp and Trim Life. <u>Id</u>. Barry Atkins represented to Michael Bryant, principal of KorDev, that Eagle Hemp would be rolling out several new brands under Eagle Hemps ownership and control. SAC ¶¶ 90-91. Both Eagle Hemp and Trim Life are ecommerce companies engaged in identical business models. SAC ¶¶ 2, 8, 89. The DNA of these companies is identical.

Defendants take issue with the specificity of KorDev's factual pleadings, contrasting them with the pleadings in <u>Seven Springs</u>. Indeed, the specificity of facts set forth in <u>Seven Springs</u> is both impressive and compelling. They speak to a preponderance of the elements taken into consideration for both an alter ego and a single-enterprise theory of liability. For instance, "Plaintiff alleges documents produced by [the single-enterprise group] reflect that the [defendants] routinely moved funds – often hundreds of thousands of dollars – between their personal accounts [and the accounts of the various group entities]." <u>Id</u>. at *2.

The remarkable detail with which the plaintiff in <u>Seven Springs</u> pleads its complaint makes more sense when one recognizes that the plaintiff had undergone extensive discovery in various prior actions – including a bankruptcy action that exposed many of the financial maneuverings of the single-enterprise group – with the entities at issue. <u>Id</u>. With the benefit of this past discovery, the plaintiff in <u>Seven Springs</u> was armed with significant amount of detailed information, and plaintiff's complaint benefited from the extended fight among the parties.

KorDev comes to this action without any such benefit and its Second Amended Complaint reflects the pre-discovery nature of its information.  In order to establish

There is little doubt that, prior to discovery, KorDev has at best limited information upon which to plead the facts necessary to prove the elements necessary at trial.  KorDev, at this stage of the case, has no visibility into the finances of either Eagle Hemp or Trim Life, has limited knowledge as to their corporate structure, and has but suspicions that these corporate entities are a façade for George Southworth and/or Barry Atkins.  KorDev has pleaded facts to the extent one can know such facts prior to fact discovery.  Should discovery not bear out KorDev's suspicions, Trim Life has a remedy: it will be dismissed from the action at summary judgment.  However, KorDev has no such remedy if it is denied the ability to conduct discovery to establish the facts to support the Second Amended Complaint as pleaded.  Unless dismissed without prejudice to rejoin, if this Court were to grant Defendants' Motion to Dismiss, KorDev will be left holding an empty bag even if discovery tells a damning story.

**B.      KorDev's Breach of Contract claim against Trim Life is derivative to its claim against Eagle Hemp.**

KorDev agrees that Trim Life is not an independent party to the MSA and did not plead otherwise.  It is KorDev's position that Eagle Hemp obligated itself to the fees set forth in the MSA for both the Trim Life and Well Being brands, but that is a separate and distinct argument.  If KorDev's Breach of Contract claim against Eagle Hemp falls, so too does any claim for liability against Trim Life.

**IV.   <u>Conclusion</u>**

For the reasons articulated above, KorDev set forth viable single-entity liability theory against Trim Life and Well Being.

DATE: September 21, 2022    Respectfully submitted,

              /s/ Owen J. McGrann
             Owen J. McGrann, Esquire
             Pa. I.D. # 307697
             George E. McGrann, Esquire
             Pa. I.D. # 25604

             McGrannLAW LLC
             4108 Spruce Road
             Gibsonia, PA 15044
             (412) 213-8585

             *Counsel for Plaintiff, KorDev LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of September, 2022, I caused a true and correct copy of

the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

**PLAINTIFF'S SECOND AMENDED COMPLAINT** was filed electronically with the Clerk of

Court for the Western District of Pennsylvania using the Court's CM/ECF Court Filing system,

which will send notification of such filing to all registered counsel of record.


_/s/ George E. McGrann_
George E. McGrann