IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KORDEV, LLC, <br><br> Plaintiff, <br><br> v. <br><br> EAGLE HEMP, LLC and TRIM LIFE LABS, LLC, <br><br> Defendants. | ELECTRONICALLY FILED <br><br><br> Civil Action No. 2:21-cv-01341-NR |

**DEFENDANTS' RULE 41(b) MOTION TO DISMISS PLAINTIFF'S**
**SECOND AMENDED COMPLAINT**

Eagle Hemp, LLC and Trim Life Labs, LLC ("Defendants"), by and through their undersigned counsel, move this Court to dismiss Plaintiff's Second Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and state as follows in support.

1. On September 21, 2022, counsel for Plaintiff moved to withdraw as attorney for Kordev, LLC, explaining that the attorney-client relationship had been irretrievably broken and leaving Plaintiff without counsel. ECF No. 33.

2. On September 27, 2022, this Court granted the motion and ordered that new counsel enter his or her appearance by November 1, 2022, at risk of dismissal for failure to prosecute. September 27, 2022 Order, ECF No. 35

3. Contrary to the Court's September 27, 2022 Order, no new counsel for Plaintiff entered an appearance by the deadline.

4. Subsequently, the Court directed Defendants to file a motion to dismiss under Federal Rule of Civil Procedure 41(b) or submit a status report indicating that they do not intend to file such a motion. ECF No. 38.

5. Defendants now move to dismiss.

6. Under Rule 41(b), Defendants may move to dismiss an action "if the plaintiff fails to prosecute or to comply with . . . a court order." Rule 41(b). A dismissal under Rule 41(b) "operates as an adjudication on the merits." *Id.*

7. Plaintiff failed to respond to the September 27, 2022 Order by the November 1, 2022 deadline. As a corporation unrepresented by counsel, Plaintiff cannot prosecute this action. *See, e.g.*, *Artilligence, Inc. V. Natrol, Inc.*, No. 12-1167, 2014 WL 12610243, at *2 (D.N.J. Jan 8, 2014); ECF No. 38. In *Artilligence*, the court dismissed the plaintiff's action under Rule 41(b) and found that a balancing of the *Poulis* factors was unnecessary because plaintiff was "a corporation that [was] unrepresented by counsel and thus [could not] prosecute [the] action." *Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). Similarly, this Court found that a balancing of the *Poulis* factors is unnecessary. ECF No. 38.

8. Accordingly, this action should be dismissed for failure to prosecute.

WHEREFORE, Defendants request that this action be dismissed under Rule 41(b) as an adjudication on the merits.

DATE: November 7, 2022             Respectfully submitted,

<div style="margin-left:3em">

*/s/ John K. Gisleson*
John K. Gisleson, Esquire (PA62511)
Steven N. Hunchuck, Esquire (PA327892)
Morgan, Lewis & Bockius LLP
One Oxford Centre
Thirty-Second Floor
301 Grant Street
Pittsburgh, PA 15219
(412) 560-3300 (telephone)
(412) 560-7001 (facsimile)
john.gisleson@morganlewis.com
steven.hunchuck@morganlewis.com


*Counsel for Defendants, Eagle Hemp, LLC and Trim Life Labs, LLC*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2022, a true and correct copy of the foregoing **RULE 41(b) MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** was electronically filed with the Clerk of Court for the Western District of Pennsylvania using the Court's CM/ECF Court Filing system, which will send notification of such filing to all registered counsel of record.

*Served via U.S. First Class Mail*:

Michael Bryant, CEO
KorDev LLC
1701 Sampson Street
Conway, PA  15027

                                                     */s/ John K. Gisleson*
                                                     John K. Gisleson