IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KORDEV LLC,<br><br>              Plaintiff,<br><br>    v.<br><br>EAGLE HEMP, LLC and TRIM LIFE LABS LLC,<br><br>              Defendants. | No. 2:21-cv-01341-NR |

**MEMORANDUM IN SUPPORT OF PLAINTIFF KORDEV LLC'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

There is no genuine dispute of material fact as to Eagle Hemp's liability on Count I of the Second Amended Complaint, KorDev's claim for breach of contract. While further discovery may reveal additional breaches of the contract and will provide the information necessary to a precise calculation of KorDev's damages, there is not, and cannot be, any dispute that:

(1) KorDev and Eagle Hemp executed a Master Services Agreement ("MSA");

(2) Among other things, the MSA requires Eagle Hemp to pay KorDev $10,000 per month for traffic consulting (§ 5.2(a)), $6,500 per month for e-commerce development and ongoing maintenance (§ 5.2(c)), and certain revenue shares (§§ 5.2(b) and (e)) for each of itself, Well Being, Trim Life and any other Covered Brand;

(3) Eagle Hemp made certain of the above payments under the MSA in July and August 2021;

(4) Eagle Hemp ceased making payments under the MSA in late August 2021, and has not made any payments under the MSA since;

(5)　Eagle Hemp did not provide written notice of any alleged cause for termination as required by Section 7 of the MSA;

(6)　Eagle Hemp did not provide written notice of any alleged material breach by KorDev of any provision of the MSA as required by Section 7.3 of the MSA;

(7)　Eagle Hemp did not provide KorDev with 45 days from receipt of written notice to cure any alleged material breach by KorDev as required by Section 7.3 of the MSA; and

(8)　the MSA provides that if Eagle Hemp terminates the MSA without cause, Eagle Hemp is "immediately liable for payment of all payments due for the remainder of" the MSA.

While discovery will be necessary to determine the specific amount of payments due from Eagle Hemp and any other damages, there is no material dispute of fact with respect to Eagle Hemp's liability for breach of contract.

Accordingly, KorDev requests that the Court enter summary judgment in favor of KorDev holding Eagle Hemp liable for breach of contract and schedule a trial on damages and any remaining matters for a date convenient for the Court following the discovery period in this case (which is set to conclude on April 14, 2023).

## LEGAL STANDARD

"[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b), "identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Rule 56 requires the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a) .

The party moving for summary judgment has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 145-46 (3d Cir. 2004). Although the moving party must establish an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It can meet its burden by "pointing out ... that there is an absence of evidence to support the nonmoving party's claims." *Id.* at 325. Where the moving party has the burden of proof at trial, "that party must show affirmatively the absence of a genuine issue of material fact: it ... must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *Wasserman v. Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (internal quotation marks omitted). The evidence presented in support of summary judgment must be "credible" and "entitle [the moving party] to a directed verdict if not controverted at trial." *Id.* at 237 (quoting *Celotex*, 477 U.S. at 331 (Brennan, J. dissenting)).

"Once a moving party with the burden of proof makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party comes forward with probative evidence that would demonstrate the existence of a triable issue of fact." *Wasserman*, 327 F.3d at 238. The non-movant must "identify specific facts which demonstrate that there exists a genuine issue for trial." *Commc'ns Supply Corp. v. Iron Bow Techs., LLC*, 529 F. Supp. 3d 423, 431 (W.D. Pa. 2021) (citations omitted). A fact is material only if it might affect the outcome of the case, and a dispute about a material fact is genuine only if the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Commc'ns Supply*, 529 F. Supp. 3d at 430; *H2L2 Architects/Planners, LLC*

*v. Tower Invs., Inc.*, No. CIV.A. 12-6927, 2014 WL 3843878, at *2 (E.D. Pa. Aug. 4, 2014).

"Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations or mere suspicions in attempting to survive summary judgment." *Commc'ns Supply*, 529 F. Supp. 3d at 431. "The non-movant must respond by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the nonmoving party will bear the burden of proof at trial." *Id*. (citations omitted). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. *Celotex*, 477 U.S. at 322.

While the Court does not, on summary judgment, weigh the disputed evidence, decide which evidence is more probative, or make credibility determinations, *Boyle v. Cnty. of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998), and the Court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the mere existence of some evidence in support of the non-movant is inadequate to support a denial of a motion for summary judgment; there must be enough evidence to enable the fact-finder to reasonably find for the non-movant on that issue. *Anderson*, 477 U.S. at 249-50.

## ARGUMENT

To support a breach of contract claim under Pennsylvania law,[1] a plaintiff must establish three elements: (1) the existence of a contract, (2) a breach of duty imposed by the contract, (3) and resultant damages. *H2L2 Architects/Planners*, 2014 WL 3843878, at *4 (citing *Pennsy*

---

[1] Pursuant to Section 16 of the MSA and general principles of diversity jurisdiction, Pennsylvania law applies to KorDev's claims in this case.

4

*Supply, Inc. v. Am. Ash Recycling Corp.*, 895 A.2d 595, 600 (Pa. Super. Ct. 2006)); *see also Bank of New York v. Bates*, No. CIV.A. 3:13-0690, 2015 WL 1443282, at *6 (M.D. Pa. Mar. 30, 2015) (citing *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999) and *Gorski v. Smith*, 812 A.2d 683, 692 (Pa. Super. Ct. 2002)).

Where there are no genuine disputes of material fact on the question, courts have not hesitated to grant summary judgment in favor a plaintiff on a breach of contract claim with respect to liability and/or those components of the plaintiff's damages on which there is no triable issue of fact. *See, e.g.*, *U.S. Energy Dev. Corp. v. Mallory*, No. CIV.A. 12-235, 2014 WL 4659659, at *6 (W.D. Pa. Aug. 13, 2014), report and recommendation adopted as modified sub nom., *U.S. Energy Dev. Corp. v. L.E. Mallory*, et al., LP, No. CIV.A. 12-235, 2014 WL 4660040 (W.D. Pa. Sept. 17, 2014); *Harrington v. All Am. Plazas, Inc.*, No. CIV.A 08-3848(JLL), 2009 WL 2992538, at *1 (D.N.J. Sept. 16, 2009); *SMG v. Ungerboeck Sys. Int'l*, Inc., No. CV 06-4737, 2007 WL 9810922, at *1 (E.D. Pa. Aug. 29, 2007); *Shaull Equip. & Supply Co. v. Rand*, No. CIV. 1:CV020686, 2004 WL 3406088, at *8 (M.D. Pa. Nov. 4, 2004); *Laughlin Real Est., Inc. v. Mobil Pipe Line Co.*, No. CIV. A. 98-4295, 2000 WL 230360, at *2 (E.D. Pa. Feb. 22, 2000); *Houlihan v. E. Side Landfill Auth.*, 597 F. Supp. 596, 600 (M.D. Pa. 1984).

**A.    There Is a Contract**

There cannot be any genuine dispute that a contract between Eagle Hemp and KorDev exists. KorDev and Eagle Hemp both executed the MSA, a written contract, on July 12, 2021. (Doc. 55, Statement of Facts ("SOF") ¶¶ 1-3; *see also* Exh. A.) The effective date of the MSA was, by its express terms, July 8, 2021. (SOF ¶ 4 & Exh. A.) Further, after July 12, 2021, the parties proceeded to perform under the MSA, including Eagle Hemp making various payments to KorDev under the MSA in July and August 2021. (SOF ¶¶ 13-16.) In sum, there is a contract

between the parties.

B.  **Eagle Hemp Breached Its Duties Under the Contract**

There also cannot be any genuine dispute that Eagle Hemp breached its duties under the MSA, both by failing to make payments owed under the MSA and by terminating the MSA without cause.

1.  **Breach by Failure to Pay Amounts Due**

The MSA provided that KorDev was to be "the exclusive provider of traffic consulting, e-commerce development services, and customer services" for Eagle Hemp, Well Being, Trim Life, and any other "Covered Brand" that emerged after July 8, 2021. (SOF ¶ 5.)  The MSA required Eagle Hemp to pay KorDev, among other things, $10,000 per month per Covered Brand for traffic consulting (§ 5.2(a)), $6,500 per month per Covered Brand for e-commerce developing and ongoing maintenance (§ 5.2(c)), 0.375 percent of "all revenue" (§ 5.2(b)), and 30 percent of revenue produced by conversions of payment declinations and partial data declinations (§ 5.2(e)). (SOF ¶ 12.)

Eagle Hemp paid KorDev certain of the amounts that were due in accordance with the terms of the MSA (SOF ¶¶ 13-16), but then stopped making any of the required payments in August 2021 (SOF ¶¶ 17-18).  Eagle Hemp, therefore, breached the MSA by failing to make all of the payments due under the MSA.

2.  **Breach By Termination Without Cause**

Eagle also terminated the MSA without cause.  The MSA expressly provides that it cannot be terminated by either party without cause. (SOF ¶ 8; Exh. A § 7.)  In a telephone call an Eagle Hemp executive stated "we're f***ing done" (Exh. B, Declaration of Michael Bryant ¶ 20) and the same executive sent a text message on August 25, 2021 stating "I am in the process of terminating our relationship for cause" (*id.* ¶ 21), but Eagle Hemp never took any of the actions

required to terminate the MSA for cause.

Section 7 of the MSA provides that if either party wants to terminate the agreement for cause, it must "provide written notice of the alleged termination cause[.]"  (SOF ¶ 10 & Exh. A.) Section 7.3 permitts Eagle Hemp to terminate the MSA if KorDev "materially breaches any provision of this Agreement and either the breach cannot be cured or, if the breach can be cured, it is not cured by [KorDev] within forty-five (45) days after [KorDev's] receipt of written notice of such breach[.]"  (SOF ¶ 11 & Exh. A.)

Eagle Hemp, however, did not "provide written notice of the alleged termination cause" as required by Section 7, it did not provide written notice of any alleged material breach of the MSA by KorDev as required by Section 7.3, and it did not give KorDev 45 days from receipt of such written notice to cure any supposed material breach as further required by Section 7.3.  (SOF ¶¶ 19-21.)  There is not, and cannot be, any genuine dispute of material fact that Eagle Hemp did not do any of the foregoing three things, all of which are prerequisites to any termination for cause under Section 7 of the MSA.  The MSA does not permit termination other than in accordance with the provisions of Section 7.  (*See* SOF ¶¶ 8-11.)

Eagle Hemp's failure to make payments to KorDev required by the MSA and its purported termination of the MSA without complying with any component of the MSA's process for doing so are breaches of the MSA.  The Court, therefore, should grant summary judgment in favor of KorDev and against Eagle Hemp as to liability.  *Cf. Shaull*, 2004 WL 3406088, at *8 (granting partial summary judgment for plaintiff where agreement allowed defendant to terminate only for cause and only after giving plaintiff an opportunity to cure any defect in its performance and defendant did not provide any such opportunity).

### C. KorDev Has Suffered Damages as a Result of Eagle Hemp's Breach

The MSA obligated Eagle Hemp to make various payments, which payments Eagle Hemp failed to make after mid- to late-August 2021. KorDev, therefore, suffered damages by not receiving the payments Eagle Hemp promised it under the terms of the MSA.

Specifically, the MSA required Eagle Hemp to pay $10,000 per month for each Covered Brand for web traffic consulting, $6,500 per month for each Covered Brand for e-commerce development and ongoing maintenance, a 0.375 percent "revenue share for all revenue," and a 30 percent revenue share of "conversions of payment declinations and partial data declinations." (SOF ¶ 12.) Eagle Hemp made the $10,000 and $6,500 payments for Eagle Hemp for each of July and August 2021 (SOF ¶¶ 13-14) and it made the revenue share payments up through the week ending August 15, 2021 (SOF ¶¶ 15-16). But Eagle Hemp failed to make any of the other payments due under the MSA. (SOF ¶¶ 17-18.)

Further, the MSA provides that if, despite the express prohibition on termination without cause, Eagle Hemp should "initiate termination without cause, it, and any Covered Brands, shall be immediately liable for payment of all payments due for the remainder of this Agreement and any Statement of Work." (SOF ¶ 9 & Exh. A § 7.) The term provided for the MSA is three years, after which the MSA expressly provides that it "shall be renewed on a year-to-year basis unless one of the parties terminates" the Agreement pursuant to Section 7 thereof. (SOF ¶ 7 & Exh. A § 6.) Eagle Hemp thus is obligated to make each of the payments required by the MSA unless and until the MSA is terminated in accordance with Section 7 thereof. Further, by virtue of its having terminated the MSA without cause, under the express terms of the MSA Eagle Hemp is "immediately liable" for all such payments.

### CONCLUSION

For the reasons set forth above, KorDev requests that the Court enter summary judgment

in favor of KorDev holding Eagle Hemp liable for breach of contract and schedule a trial on damages and any other remaining issues at a date convenient for the Court following the conclusion of discovery.

DATE:  January 12, 2023

Respectfully submitted,

*/s/ Tillman J. Finley*
Tillman J. Finley (DC477737)
tfinley@marinofinley.com
Daniel Marino (PA38892; *pro hac vice*)
dmarino@marinofinley.com
MARINO FINLEY LLP
818 Connecticut Avenue, N.W., Suite 801
Washington, DC  20006
Tel:  202.223.8888

*Attorneys for Plaintiff KorDev LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 12th day of January, 2023, the foregoing was filed with the Clerk of Court for the United States District Court for the Western District of Pennsylvania using the Court's CM/ECF system, which will send notification of such filing to all registered counsel of record.

/s/ Tillman J. Finley
Tillman J. Finley