IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KORDEV LLC, | ) | |
| Plaintiff, | ) | 2:21-cv-1341-NR |
| v. | ) | |
| EAGLE HEMP, LLC and TRIM LIFE LABS LLC, | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Before the Court is Defendants' motion to dismiss Plaintiff KorDev LLC's breach-of-contract claim against Trim Life Labs, LLC.  ECF 29.

This is the second time that Defendants have sought dismissal of the claim against Trim Life.  The first time, the Court granted the motion, explaining that KorDev failed to plead sufficient factual allegations to support its "alter ego" or "enterprise or single-entity" theories of liability against Trim Life.  ECF 25.  The Court instructed KorDev to amend its complaint to make clear its theory of liability and "plead facts regarding, among other things, unified administrative control, undercapitalization, similar creditors, absence of corporate records, failure to follow corporate formalities, substantial intermingling of corporate affairs, and the use of the corporate form to perpetuate a fraud."  *Id.*  KorDev has now filed its second amended complaint, and upon a close inspection of the revised allegations, it is clear that KorDev's theory of liability against Trim Life is fundamentally flawed.

This dispute arises out of the sale of a company's (Well Being Labs, LLC) assets to Defendant Eagle Hemp, LLC.  That transaction was governed by an Asset Purchase Agreement.  ECF 27, ¶¶ 41-42; ECF 27-4.  As part of the APA, Eagle Hemp agreed to enter into an exclusive Master Services Agreement with KorDev to develop customer service management software for Eagle Hemp.  ECF 27, ¶ 42; ECF 27-4, §

1.02. That's the contract that KorDev alleges that Defendants breached. ECF 27, ¶¶ 59, 92-104. The only parties to the MSA, however, were KorDev and Eagle Hemp—Trim Life was not a party. ECF 27-4. KorDev agrees with that assessment, as it must. ECF 32, p. 5 ("KorDev agrees that Trim Life is not an independent party to the MSA[.]"). So, to establish liability against Trim Life, KorDev claims that it is entitled to the equitable remedy of veil piercing. The Court disagrees.

The core problem is that KorDev has not, and cannot, articulate a viable veil-piercing theory. KorDev appears to rely on the "single-entity theory." ECF 32, pp. 3-5. "Under the enterprise or single-entity theory, two or more business entities under some level of common ownership or control are treated as a single entity—or common enterprise—for the purpose of liability." *Seven Springs Mountain Resort, Inc. on behalf of Sikirica v. Hess*, No. 21-6, 2022 WL 1004178, at *4 (W.D. Pa. Apr. 4, 2022) (Haines, J.). For Eagle Hemp and Trim Life to be treated as a single entity, KorDev must show "(1) identity of ownership, (2) unified administrative control, (3) similar or supplementary business functions, (4) involuntary creditors, and (5) insolvency of the corporation against which the claim lies." *Mortimer v. McCool*, 255 A.3d 261, 271 (Pa. 2021) (cleaned up). But this test is only meant to "supplement[], not supplant[], [Pennsylvania's] existing piercing standard with additional, context-specific considerations," while the "threshold inquiry" remains "the presence of piercing-worthy conduct by controlling actors or alter egos." *Id.* at 284. KorDev doesn't clear this initial hurdle, let alone plead facts to support a finding of the *Mortimer* factors.

At the outset, KorDev's problem is that it is trying to pierce the wrong entity. KorDev alleges, in conclusory fashion, that **Trim Life** "was and remains undercapitalized." ECF 27, ¶ 47. Trim Life's status is irrelevant, though. Eagle Hemp is the corporate entity bound by the MSA and the entity that is primarily liable to KorDev. And KorDev has not alleged any "piercing worthy conduct" by Eagle

- 2 -

Hemp.[1]

Nor has KorDev pled any facts establishing "involuntary creditors" or the "insolvency" of Eagle Hemp—two of the key *Mortimer* factors. *See Mortimer*, 255 A.3d at 271 (explaining that "insolvency of the corporation ***against which the claim lies***" is relevant to the analysis for enterprise liability (emphasis added)). Based on the allegations in the second amended complaint, this Court has no reason to believe that Eagle Hemp, if it is ultimately found liable, could not satisfy a judgment against it. So that is the remedy that KorDev must pursue—recovering under a breach-of-contract theory against Eagle Hemp, the corporate entity that is actually a party to the subject contract.

KorDev tries to save its claim against Trim Life by arguing it just needs to engage in some discovery to find the facts that would support its theory of liability. In support of that argument, KorDev cites to *Seven Springs*, and points out that the plaintiff there had "undergone extensive discovery in various prior actions—including a bankruptcy action that exposed many of the financial maneuverings of the single-enterprise group[.]" ECF 32, p. 4. That's true, but only highlights the core problem with KorDev's claim—Eagle Hemp is ***not***, at least right now and as pled, insolvent and incapable of satisfying any judgment against it. In *Seven Springs*, the defendants were accused of abusing the corporate form by draining the liable entity of all its assets to avoid satisfying the judgment against it while continuing to thrive in business—a textbook example of piercing-worthy conduct. 2022 WL 1004178, at *7-9. No similar conduct is alleged here. And KorDev, of course, cannot simply ask for discovery to see if that might help it find a veil-piercing claim. If KorDev cannot plead the appropriate facts at the outset to state a veil-piercing claim, that claim must

---

[1] Although the Court focuses on the "single-enterprise theory" in this order, this pleading defect identified by the Court is fatal to KorDev's ability to recover against Trim Life under any veil-piercing theory.

be dismissed.  Based on the allegations in the second amended complaint, there is no basis for keeping Trim Life in this case.[2]

Because of the fundamental issues outlined above, and the fact that KorDev has already had two chances to amend its complaint, the Court finds that allowing KorDev leave to amend would be futile and therefore will dismiss the claim against Trim Life with prejudice.  *See Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014) (although leave to amend should be freely granted "when justice so requires ... a court may deny leave to amend when such amendment would be futile" (internal quotations omitted)).

*     *     *

**AND NOW**, this **17th day of January, 2023**, Defendants' Motion to Dismiss is hereby **GRANTED**.  KorDev's claim against Trim Life is **dismissed with prejudice**.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

---

[2] KorDev's unsupported argument that its claim against Trim Life is "derivative" against Eagle Hemp doesn't save the day.  *See* ECF 32, p. 5.  To state a derivative claim, KorDev must identify and state a distinct cause of action that arises from the breach-of-contract claim against Eagle Hemp.  KorDev has not done so.