IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KORDEV LLC, | ) |
| Plaintiff, | ) ) ) 2:21-cv-1341-NR |
| v. | ) ) ) |
| EAGLE HEMP, LLC, | ) ) ) |
| Defendant. | ) ) |

## <u>ORDER</u>

On January 12, 2023, Plaintiff KorDev LLC moved for partial summary judgment against Defendant Eagle Hemp, LLC. ECF 54. In its motion, KorDev argues that there is no genuine dispute of material fact about Eagle Hemp's liability for its breach-of-contract claim. *See* ECF 56. KorDev filed this motion while a motion to dismiss was still pending (ECF 29), and before any Defendant had answered the second amended complaint. The Court has since granted that motion to dismiss (ECF 60), dismissing all claims against Trim Life Labs, LLC with prejudice. Eagle Hemp, now the lone remaining Defendant, has not yet filed its answer.

Because the Court does not ordinarily decide summary judgment motions before the end of discovery unless all parties agree to that timing and agree that additional discovery is not needed to resolve the motion, the Court ordered the parties to confer and provide their positions on the Court resolving the pending motion at this preliminary stage of the case. ECF 57. After carefully considering the parties' positions, the Court will not consider the merits of KorDev's motion right now.

The primary reason being that Eagle Hemp claims it needs discovery on the central issue raised in KorDev's motion. That is, Eagle Hemp intends to explore KorDev's claim that Eagle Hemp "failed to give adequate notice [of its termination of the relevant contract] or that written notice was required under the circumstances here in light of [KorDev's] material breach." ECF 59, p. 2. The Court will afford

Eagle Hemp the opportunity to pursue discovery on that central issue, especially since Eagle Hemp has not even answered the second amended complaint yet and it is impossible for the Court to understand the full nature and context of Eagle Hemp's anticipated defenses and factual positions. *E.g.*, *Doe v. Abingdon Friends Sch.*, 480 F.3d 252, 258 (3d Cir. 2007) ("[A] court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery. … If discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion." (cleaned up)); *DCK/TTEC, LLC v. Postel*, No. 14-1739, 2015 WL 4461086, at *1 (W.D. Pa. July 15, 2015) (Bissoon, J.) ("It is well-settled that the summary judgment process presupposes the existence of an adequate record. Defendants' Motion for Summary Judgment is premature in light of the need to conduct adequate discovery. The Motion will be denied without prejudice, and Defendants may raise any relevant issues after the close of discovery." (cleaned up)).

\* \* \*

**AND NOW**, this **23rd day of January, 2023**, KorDev's Motion for Partial Summary Judgment is hereby **DENIED without prejudice** to KorDev raising the same arguments in a motion for judgment on the pleadings after Eagle Hemp has answered, if appropriate, or in a new motion for summary judgment after the close of discovery.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge